## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOSHUA W. MERCHANT, individually and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GORDMANS STORES, INC.,<br><br>Defendant. | Case No.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Joshua Merchant, individually and on behalf of all others similarly situated, for his Complaint against Defendant Gordmans Stores Inc. (hereinafter "Gordmans"), states and alleges as follows:

### Nature of Case

1. Gordmans is an apparel and home fashions retailer operating 101 stores in 22 states. Gordmans features name brand merchandise at a significant discount to customers.

2. To serve its customers, Gordmans employs thousands of workers to operate its stores, including Assistant Store Managers ("ASMs").

3. Gordmans has maintained a practice and policy of denying overtime wages to its ASMs by misclassifying them as "exempt" from applicable overtime laws.  Gordmans' failure to pay all its ASMs their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

### Jurisdiction and Venue

4. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA

claims of Plaintiff and other similarly situated ASMs is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Gordmans conducts business in this district, employs ASMs, including Plaintiff, to work in this district, and substantial unlawful conduct giving rise to the claims occurred in this district.

## Parties

6. Plaintiff Joshua Merchant ("Merchant") was employed by Gordmans in its St. Charles, Missouri store from about August 2011 until August 2013. Currently, Merchant resides in Columbus, Ohio. Plaintiff's Consent to Join this action is attached hereto as "Exhibit 1."

7. Plaintiff brings this Complaint as a collective action under the FLSA on behalf of himself and all other similarly situated ASMs employed by Gordmans in the last three years.

8. Defendant Gordmans is a Delaware corporation maintaining its principal place of business within Omaha, Nebraska, and doing business in Missouri, including in the Eastern District of Missouri.

## General Allegations

9. The principal job duty of Gordmans' ASMs is customer service, including sales, merchandising, unloading the truck, stocking, and inventory.

10. ASMs' primary duty is not performance of work related to the management or general business operations of Gordmans or its customers.

11. ASMs are not customarily or regularly engaged to perform exempt supervisory/managerial work, such as hiring, firing, disciplining, budgeting, and scheduling.

12. ASMs' primary duty does not include exercise of discretion and independent judgment with respect to matters of significance.

13. ASMs regularly worked more than 40 hours per workweek without receipt of overtime wages.

14. Gordmans has misclassified ASMs as "exempt" from applicable overtime wage laws.

15. Gordmans failed to maintain accurate records regarding the hours worked by ASMs.

16. To date, Gordmans has continued to misclassify ASMs as "exempt" and has continued to fail and refuse to pay them overtime wages earned.

17. The net effect of Gordmans' policies and practices, instituted and approved by company managers, is that Gordmans willfully failed to pay overtime compensation to ASMs and willfully failed to keep accurate time records.

## Collective and Class Action Allegations

18. Plaintiff brings this lawsuit as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all similarly situated ASMs employed by Gordmans who file a consent to join form with the Court.

19. Plaintiff, individually and on behalf of other similarly situated ASMs seeks relief on a collective basis challenging Gordmans' misclassification of the ASMs as "exempt" and failure to provide them overtime wages in accordance with the FLSA.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Gordmans' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

### Count I:  Violation of the Fair Labor Standards Act of 1938

20. Plaintiff reasserts and re-alleges the allegations set forth above.

21. At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

22. The FLSA regulates, among other things, the payment of overtime wages to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

23. Gordmans is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its ASMs are engaged in interstate commerce.

24. During all times relevant to this action, Gordmans was the "employer" of Plaintiff and all Gordmans' ASMs within the meaning of the FLSA.  29 U.S.C. § 203(d).

25. During all times relevant to this action, Plaintiff and all ASMs were Gordmans' "employees" within the meaning of the FLSA.  29 U.S.C. § 203(e).

*26.* Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Despite Gordmans' misclassification of the ASMs, none of the FLSA exemptions apply to Plaintiff or other similarly situated ASMs. *Id.*

27. Pursuant to the FLSA, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  29 U.S.C. § 207(a).

28. Gordmans violated the FLSA by failing to pay for overtime wages as required by the FLSA.  29 U.S.C. § 207(a).

29. Plaintiff and all similarly situated ASMs are victims of a uniform compensation policy. The same unlawful compensation policy has been applied to all Gordmans' ASMs who have worked within the parameters described above.

30. Plaintiff and all similarly situated ASMs are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of the Complaint, plus periods of equitable tolling, because Gordmans acted willfully and knew, or showed reckless disregard for whether its conduct was prohibited by the FLSA, and dissuaded employees from asserting their legal rights by misinforming employees about those rights.

31. Gordmans has failed to act in good faith or with reasonable grounds to believe that its actions and actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated ASMs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find that Plaintiffs are not entitled to liquidated damages, Plaintiff and all similarly situated ASMs are entitled to an award of prejudgment interest at the applicable legal rate.

32. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Gordmans from Plaintiff and all similarly situated ASMs. Accordingly, Gordmans is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated Assistant Store Managers demand judgment against Gordmans and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and

post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiff and all similarly situated ASMs hereby request a trial by jury of all issues triable by jury.

Dated:  February 17, 2016                   Respectfully submitted,


                                             **STUEVE SIEGEL HANSON LLP**

/s/  George A. Hanson
George A. Hanson, EDMO Bar # 39538
Lauren A. Wolf, *Pro Hac Vice Forthcoming*
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone:  816.714.7100
Facsimile:  816.714.7101
hanson@stuevesiegel.com

Gregg Shavitz, *Pro Hac Vice Forthcoming*
Camar Jones, *Pro Hac Vice Forthcoming*
**SHAVITZ LAW GROUP, PA.**
1515 S. Federal Highway, Suite 404
Boca Raton, FL 33432
Phone:  561.447.8888
gshavitz@shavitzlaw.com
cjones@shavitzlaw.com