UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVE COX and SAMUEL R. MASON, individually and on behalf of a class of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) No. 4:16CV219 RLW ) |
| GORDMANS STORES, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for and Memorandum in Support of Conditional Collective Action Certification (ECF No. 40). This motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiffs Steve Cox and Samuel R. Mason ("Plaintiffs") filed a Complaint on February 17, 2016, alleging claims for Violation of the Fair Labor Standards Act of 1938 ("FLSA"). (Complaint ("Compl."), ECF No. 1). Plaintiffs purport to bring this putative collective action on behalf of a class of Assistant Store Managers ("ASM") employees who worked for Defendant Gordmans Stores, Inc. ("Gordmans"). Plaintiffs allege that the ASM employees have been misclassified as "exempt" and denied payment of all of their earned wages and overtime compensation under the FLSA. (Compl., ¶3). Plaintiffs also allege that Gordmans failed to maintain accurate records regarding the hours worked by ASM employees. (Compl., ¶15).

The plaintiffs include Named Plaintiffs Steve Cox and Samuel Mason (former ASM employees) and Opt-in Plaintiff Fallon Strack (a former Operations Assistant Store Manager ("OPS"). Plaintiffs claim that the principal job duty of Gordmans' ASM employee is customer

service, including sales, merchandising, unloading the trucks, stocking, and inventory. (Compl., ¶9). Plaintiffs further assert that their primary duty is not the performance of work related to the management or general business operations of Gordmans or its customers. (Compl., ¶10). They contend that ASMs are not customarily or regularly engaged to perform exempt supervisory/managerial work, such as hiring, firing, disciplining, budgeting, and scheduling. (Compl., ¶11). Plaintiffs allege that ASMs' primary duties do not include the exercise of discretion an independent judgment with respect to matters of significance. (Compl., ¶12).

## DISCUSSION

### I. Motion for Conditional Class Certification

#### A. Conditional Certification

On August 15, 2016, Plaintiffs filed the instant Motion for and Memorandum in Support of Conditional Class Certification. (ECF No. 40). Plaintiffs identify the putative class as "All individuals employed by Gordmans Stores, Inc. as Assistant Store Managers, Assistant Store Manager Operations, or any Assistant Manager position, however variously titled, from February 18, 2013 through the present." (ECF No. 40-11). Gordmans operated between 93 and 103 stores in 16 states during the relevant time period. (ECF No. 44 at 7). Each store has between one and three assistant store managers, based upon sales volume. The putative class of OPS and ASM employees during the relevant time period is approximately 549 persons. (ECF No. 44 at 7).

Gordmans opposes class certification. Gordmans claims that conditional class certification is improper because Plaintiffs have not demonstrated a common policy. Specifically, Gordmans contends that the proposed class of ASM employees and OPS employees have different job duties and training manuals and are not "similarly situated" for purposes of a proposed class. Gordmans claims that Plaintiffs conflate the two groups even though OPS employees have more managerial authority and paperwork duties. (ECF No. 44 at 3-5). Gordmans further states that ASM employees are not similarly situated to one another.

Gordmans argues that, based upon the retail management regulations, retail management exceptions are necessarily a fact-sensitive inquiry and not appropriate for collective class actions. (ECF No. 44 at 7-8).[1] Gordmans claims that Plaintiffs' allegations rest on the proposition that "Gordmans *deviated* from their internal policies and stated job descriptions and forced Plaintiffs to perform duties primarily outside of said job descriptions." (ECF No. 44 at 8 (emphasis in original)). Gordmans contends that where Plaintiffs contend that their injury rises from a deviation from policy, then such claims involve individualized inquiries. (ECF No. 44 at 8-9 (citing *Jost v. Commonwealth Land Title Ins. Co.*, No. 4:08CV734CDP, 2009 WL 211943, at *4 (E.D. Mo. Jan. 27, 2009); *Garner v. Regis Corp.*, No. 03-5037-CV-SW-SWH, 2004 WL 5455905,

---

[1] *See* 29 C.F.R. §541.700 (emphasis added):

(a) To qualify for exemption under this part, an employee's "primary duty" must be the performance of exempt work. The term "primary duty" means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

(b) The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee. Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. Time alone, however, is not the sole test, and nothing in this section requires that exempt employees spend more than 50 percent of their time performing exempt work. Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion.

**(c) Thus, for example, assistant managers in a retail establishment who perform exempt executive work such as supervising and directing the work of other employees, ordering merchandise, managing the budget and authorizing payment of bills may have management as their primary duty even if the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register. However, if such assistant managers are closely supervised and earn little more than the nonexempt employees, the assistant managers generally would not satisfy the primary duty requirement.**

at *2 (W.D. Mo. Aug. 5, 2004); *Diaz v. Elecs. Boutique of Am., Inc.*, No. 04-CV-0840E(SR), 2005 WL 2654270, at *4 (W.D.N.Y. Oct. 17, 2005); *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 220-21 (D. Conn. 2003)). Gordmans notes that assistant managers do not receive the same training nationwide and that the duties of OPS and ASM employees vary widely, within the store and between stores. (ECF No. 44 at 9-10). Gordmans asserts that Plaintiffs have not sufficiently alleged that their job duties and experiences were similar to the job duties and experience of other ASM or OPS employees nationwide. (ECF No. 44 at 11-12). Finally, Gordmans contends that the time frame for identifying the proposed class is improper. Plaintiffs seek to certify a three year limitations period, which requires a showing of "willfulness." Gordmans states that Plaintiffs have not set forth any evidence beyond conclusory allegations in the Complaint that Gordmans acted "willfully" in violation of the FLSA. (ECF No. 44 at 13). In addition, Gordmans engaged in a corporate restructuring that became effective on July 24, 2016 that eliminated the ASM and OPS positions; therefore, Gordmans contends that the notice period for the proposed class should cease on July 24, 2016. (ECF No. 44 at 14-15).

In response, Plaintiffs contend that their proposed class is proper based upon the lenient burden for conditional class certification. Plaintiffs cite to several corporate policies that uniformly apply to all Assistant Managers, regardless of title. (ECF No. 45 at 4). Plaintiffs notes that Gordmans uses same evaluation form used by Store Managers to evaluate Assistant Managers; Gordmans uses same evaluation criteria for all Assistant Managers; all Gordmans' Assistant Managers are paid on a biweekly schedule and on a salary basis; all Assistant Managers are paid pursuant to the Gordmans' compensation guidelines; Gordmans uses a standard application form and offer letter for all Assistant Managers; Gordmans provides all Store Managers the same "hiring toolkit" for hiring all Assistant Managers; and Gordmans uses the same software (Kronos) to track Assistant Mangers' Time off. (ECF No. 45 at 4). Plaintiffs contend

that, based upon the overwhelming record demonstrating the similarly among all Assistant Mangers, then this Court should conditionally certify this as a class action. Plaintiffs maintain that the differences that Gordmans identifies are simply minor, inconsequential variations for purposes of conditional certification. Plaintiffs point out that Gordmans classifies all Assistant Managers as exempt based upon their singular classification as Assistant Managers, without any regard to their individual duties or other factors. (ECF No. 45 at 6). As a result, Plaintiffs claim that Gordmans cannot now claim that the positions should not be treated collectively for purposes of conditional certification. (ECF No. 45 at 6 (citing *Nerland v. Caribou Coffee Co.*, 564 F. Supp. 2d 1010, 1024 (D. Minn. 2007) ("The Court finds it disingenuous for Caribou, on one hand, to collectively and generally decide that all store managers are exempt from overtime compensation without any individualized inquiry, while on the other hand, claiming the plaintiffs cannot proceed collectively to challenge the exemption."). Plaintiffs also claim that Gordmans did not rebut the overwhelming evidence—consisting chiefly of Gordmans' own documents and admissions—that all Assistant Managers, regardless of title, are similarly situated. (ECF No. 45 at 6-7).

Plaintiffs further maintain that Gordmans is attempting to litigate the merits of the exemption, which is improper at the conditional certification stage of litigation. (ECF No. 45 at 7-8). Similarly, Plaintiffs assert that Gordmans' claim that evaluation of the exemption defenses will require an individualized analysis and, therefore, must fail. In a footnote, Plaintiffs argue that if the subclasses are too distinct, then the Court can later create and certify two subclasses, one for each position. (ECF No. 45 at 7, n. 1 (citing *Arnold v. Directv, LLC*, No. 4:10-CV-352-JAR, 2016 WL 1258579, at *4 (E.D. Mo. Mar. 31, 2016)).

Plaintiffs likewise assert that they have alleged a willful violation and the FLSA's three year statute of limitations should define the temporal scope of the collective action. Plaintiffs assert that they are not required at this step to provide any evidence of Gordmans' willfulness.

(ECF No. 45 at 9). In the interests of judicial economy, Plaintiffs maintain that the class should extend the time period of the proposed class back from the filing of the Complaint. (ECF No. 45 at 9-1).

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to a work week in excess of forty hours, unless the employee is compensated for his or her overtime with additional pay of at least one and one-half times his or her regular hourly wage. 29 U.S.C. § 207. A collective action under the FLSA to recover overtime compensation and liquidated damages may be maintained, "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a Rule 23 class action, a collective action under the FLSA is pursued on an opt-in basis, requiring employees to provide their consent in writing to join the action. 29 U.S.C. § 216(b); *Ford v. Townsends of Ark., Inc.*, No. 4:08CV00509BSM, 2010 WL 1433455, at *3 (E.D. Ark. Apr. 9, 2010).

District courts within the Eighth Circuit conduct a two-step analysis to determine whether employees are "similarly situated." *Beasley v. GC Services LP*, 270 F.R.D. 442, 444 (E.D. Mo. 2010); *Littlefield v. Dealer Warranty Services, LLC*, 679 F.Supp.2d 1014, 1016 (E.D. Mo. 2010); *Ford*, 2010 WL 1433455, at *3. "Under this two-step process, the plaintiff first moves for class certification for notice purposes." *Dernovish v. AT&T Operations, Inc.*, No. 09-0015CVWODS, 2010 WL 143692, at *1 (W.D. Mo. Jan. 12, 2010)(internal quotations and citation omitted). "The plaintiff's motion for certification is typically filed at an early stage of the litigation thus requiring a lenient evaluation standard and typically resulting in conditional certification of a representative class." *Kautsch v. Premier Communications*, 504 F.Supp.2d 685, 688 (W.D. Mo. 2007) (citations omitted). The Court does not reach the merits of the plaintiff's claims at this early stage of

litigation. *Id.* If the Court conditionally certifies the class, the potential class members are given notice and the opportunity to opt-in. *Dernovish*, 2010 WL 143692, at *1.

The second step of the process occurs when the defendant moves to decertify the class. *Beasley*, 270 F.R.D. at 444; *Dernovish*, at *1 (W.D. Mo. Jan. 12, 2010). This typically is done after the close of discovery, when the Court has much more information and is able to make a more informed decision. *Dernovish*, 2010 WL 143692, at *1. "At that time, applying a stricter standard, the court makes a factual determination on the similarly situated question." *Garner v. Regis Corp.*, No. 03-5037-CV-SW-SWH, 2004 WL 5455905, at *2 (W.D. Mo. Aug. 5, 2004)(citation omitted). "Courts will consider three factors at the second stage: (1) the employment and factual settings of the plaintiffs; (2) the various defenses available to the defendants; and (3) considerations of fairness, procedure, and manageability." *Ford*, 2010 WL 1433455, at *3(internal quotation omitted). "If the claims are not similarly situated, the Court decertifies that class and the opt-in plaintiffs are dismissed without prejudice." *Garner*, 2004 WL 5455905, at *2 ((citation omitted).

For the first step of the process, the FLSA does not define the term "similarly situated." *Kautsch*, 504 F.Supp.2d at 689; *Garner*, 2004 WL 5455905, at *2. Courts agree that a plaintiff's burden at the first stage of the process is not onerous, however, and "plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Kautsch*, 504 F.Supp.2d at 689 (citations omitted); *Ford*, 2010 WL 1433455, at *3 ("A class is similarly situated at this stage if plaintiffs make a modest factual showing, based upon the pleadings and affidavits, that the proposed class members were victims of a single decision, policy, or plan."); *Dernovish*, 2010 WL 143692, at *1 ("There is no need to show that the would-be members of the class are actually similarly situated or that they are identical, but the plaintiff must present some evidence to

demonstrate the class members are similar in important respects and are subjected to similar policies or circumstances."). A plaintiff may meet this burden by "detailed allegations supported by affidavits." *Kautsch*, 504 F.Supp.2d at 689 (citation omitted).

Upon consideration and as discussed herein, the Court finds that, given the lenient notice standard, Plaintiff has met her burden to show conditional certification is proper. *Kautsch*, 504 F.Supp.2d at 690. Based upon the depositions and as discussed herein, Plaintiff has established the existence of a common, nationwide policy that violates the FLSA. Gordmans' purported policy requires non-exempt employees to act as salaried employees. Plaintiff specifically alleges that they, and other similarly situated employees, were denied compensation as a result of this illegal policy. *Cf. Wacker v. Pers. Touch Home Care, Inc.*, 4:08CV93 CDP, 2008 WL 4838146, at *3-4 (E.D. Mo. Nov. 6, 2008)(denying conditional class certification where the plaintiffs failed to testify that they personally were denied compensation or provide any competent evidence of a company-wide policy).

The Court holds that Plaintiff has provided a sufficient basis for finding that a common, unlawful decision, policy, or plan existed during the relevant time period. As stated, "plaintiffs must establish a colorable basis for their claim that the class members were the victims of a single decision, policy, or plan." *Wacker*, 2008 WL 4838146, at *2. Plaintiff has provided the depositions of two ASM employees and one OPS employee in different states who all experienced the common policy of being categorized as nonexempt, salaried employees.

The Court finds that the majority of Gordmans' objections relate to the Plaintiffs' credibility, which is improper at this juncture. *See Arnold v. DirecTV, Inc.*, No. 4:10-CV-352-JAR, 2012 WL 4480723, at *2 (E.D. Mo. Sept. 28, 2012)("The Court will not make any credibility determinations or findings of fact with respect to contradictory evidence presented by the parties at this initial stage."). Although Gordmans asks the Court to discount the deposition testimony

based upon the fact that they do not have the knowledge of other stores, such a finding is not possible at the conditional class certification stage.

Moreover, the Court finds sufficient indicia of an unlawful policy based upon the depositions, particularly given the low burden at this early stage of the proceedings. The Court finds that the depositions provide a colorable basis for Plaintiffs' claim that the class members were the victims of a single decision, policy, or plan. Although the depositions are from different offices, they all describe a common company policy that Assistant Managers perform manual labor. All of the depositions indicate that the Plaintiffs were paid on a salaried basis, despite performing extensive manual labor. Likewise, all of the Plaintiffs state that they were not properly compensated as a result of this company policy. Further, the Court will not limit the notice period of the proposed class until July 29, 2016, as suggested by Gordmans. At this point, it is unclear if the policy changed at that time and what impact, if any, that change had on the putative class. At decertification, the parties can allege that Assistant Managers should be excluded after that date. The Court also agrees that, if necessary, it can separate the class into two separate classes during the decertification process. *See Arnold v. Directv, LLC*, No. 4:10-CV-352-JAR, 2016 WL 1258579, at *4 (E.D. Mo. Mar. 31, 2016). Finally, the Court holds that Plaintiffs properly alleged willfulness sufficient to satisfy the three year notice period. Gordmans can dispute willfulness at the second, decertification stage. Based upon the foregoing, the Court grants Plaintiffs' Motion for and Memorandum in Support of Conditional Collective Action Certification for all Assistant Managers who have worked at any time for the period of three (3) years from the date of this Order.[2]

### B. Proposed Notice

---

[2] The Court certifies a class that extends three years from the date of this Order. Of course, this is an interlocutory order and the time frame may change.

Gordmans takes issue with several aspects of the proposed notice.

**1. Page 1 of the Notice**

Gordmans claims that the bolded language on the first page of Plaintiffs' proposed notice form—"**This is a Court-Authorized Notice and is not a Solicitation from a Lawyer**"—is misleading as to both Plaintiffs' counsels' and the Court's involvement. (ECF No. 44 at 15). Instead, Gordmans suggests the following disclaimer replace that language:

> **THIS NOTICE IS FOR THE SOLE PURPOSE OF DETERMINING THE IDENTITY OF THOSE PERSONS WHO WILL BE INVOLVED IN THE LAWSUIT. THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MISOURI EXPRESSES NO OPINION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR GORDMANS' DEFENSES. THERE IS NO ASSURANCE AT THIS TIME THAT ANY RELIEF WILL BE GRANTED, NOR IF GRANTED, THE NATURE AND AMOUNT OF RELIEF**.

(ECF No. 44 at 15 (citing *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 229 (E.D. Mo. 2008); *Harvey v. AB Electrolux*, 857 F. Supp. 2d 815, 819 (N.D. Iowa 2012)). Plaintiffs do not respond to this argument.

The Court agrees with Gordmans that greater detail is required to inform potential class members of the purpose of the notice. The Court, however, finds that the last sentence of Gordmans' proposed revision is argumentative. Therefore the Court orders that the following language should be included in the notice:

> **THIS NOTICE IS FOR THE SOLE PURPOSE OF DETERMINING THE IDENTITY OF THOSE PERSONS WHO WILL BE INVOLVED IN THE LAWSUIT. THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MISOURI EXPRESSES NO OPINION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR GORDMANS' DEFENSES.**

**2. Page 3 of the Notice**

Gordmans also critiques that the proposed notice does not disclose that the opt-in plaintiffs may be responsible for Gordmans' costs if it prevails in the lawsuit. (ECF No. 44 at 16).

Gordmans states that the proposed notice does not inform potential class members that they may be required to travel to St. Louis, Missouri for depositions and/or trial in order to fully apprise them of their obligations in joining the lawsuit.

In response, Plaintiffs contend that courts in this District and in the Eighth Circuit consistently reject Gordmans' proposed language that the parties may be responsible for litigation costs because it is "antithetical to the remedial purposes of the FLSA" for potential class members to be told that they may have to pay litigation costs. (ECF No. 45 at 10-11).

The Court holds that Plaintiffs are not required to notify potential opt-in plaintiffs that they might be liable for certain cost or to travel for depositions. The Court believes that such notice language would have a cooling effect on participation in the class and is contrary to the purpose of the FLSA.

### 3. Page 4 of the Notice

Gordmans argues that Plaintiffs should not be permitted to include any references to their counsels' websites regarding the pending action. Gordmans states that the Court should control the information provided in the notice and the message conveyed to prospective class members. Gordmans contends that referencing the website allows content to be communicated to proposed class members without the Court's review. (ECF No. 44 at 17).

Plaintiffs maintain that Gordmans' objection to the inclusion of Plaintiffs' counsels' websites with their contact information on the notice is without merit. (ECF No. 45 at 12). Plaintiffs claim that collective members should be provided this information so that they can learn about the attorneys who will be representing them if they elect to opt into this action.

The Court holds that inclusion of Plaintiffs' counsels' website is not appropriate. Plaintiffs' counsels' website contains a lot of information that is extraneous to this lawsuit and not relevant to providing notice to potential opt-in plaintiffs.

### 4. Contact Information, Social Security Numbers, Methods of Dissemination

Plaintiffs have requested that Gordmans provide the following information for putative class members: (1) names and dates and locations of employment; (2) addresses and telephone numbers; (3) email addresses; and (4) social security numbers. Gordmans claims that the information requested is overbroad. (ECF No. 44 at 17). Gordmans contends that this requested information is intrusive on putative class members' right to privacy. Gordmans asserts that telephone numbers and email addresses are private information. Gordmans maintains that communication with potential class members by telephone and/or email improperly invades the province of this Court to control the manner and method by which notice of this lawsuit is communicated to potential class members and the neutrality of that notice. (ECF No. 44 at 18). Likewise, Gordmans contends that social security numbers are highly sensitive and not relevant to disseminating notice. (ECF No. 44 at 19). Finally, Gordmans contends that Plaintiffs' proposed methods of dissemination of notice other than U.S. mail, are duplicative, unnecessary, and confusing.

Plaintiffs assert that Courts routinely approve multiple methods of communication because the goal of notice is to ensure that the notice is actually received by the members of the collective class action. (ECF No. 45 at 12-13). Plaintiffs maintain that the Court should order production of all the contact information requested by Plaintiffs. Plaintiffs state that the purpose of obtaining full contact information is to further ensure that notice actually is delivered and received.

The Court holds that Gordmans shall provide the following information regarding putative class members: (1) names and dates of employment, (2) addresses, and (3) email addresses. The Court holds that providing the putative class members' telephone numbers and social security numbers is too intrusive and not relevant to providing notice. *See Martinez v. Cargill Meat Sols.*, 265 F.R.D. 490, 501 (D. Neb. 2009) (There is "no evidence supporting plaintiffs' request for

personal phone numbers or highly sensitive identification information such as social security numbers").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for and Memorandum in Support of Conditional Collective Action Certification (ECF No. 40) is **GRANTED**, in part, and **DENIED**, in part.

**IT IS FURTHER ORDERED** that Plaintiffs Steven Cox and Samuel R. Mason conditionally are authorized to act as class representatives.

**IT IS FURTHER ORDERED** that Stueve, Siegel, Hanson LLP and Shavitz Law Group, P.A. are authorized to act as class counsel.

**IT IS FURTHER ORDERED** that Plaintiffs' proposed notice is **APPROVED**, subject to the changes outlined above.

**IT IS FURTHER ORDERED** that Gordmans shall provide Plaintiffs' attorneys with the names and current or last known mailing addresses of all employees who may be potential plaintiffs in this suit on or before **January 2, 2017**.

**IT IS FINALLY ORDERED** that on or before **January 17, 2017**, Plaintiffs' counsel shall mail and/or email out the notice to the putative class members.

Dated this 28th day of November, 2016.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE